**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JOANN MCILWAIN**                                                                **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.**   4:22cv005-DMB-DAS

**BISON RECOVERY GROUP, INC.**                                            **DEFENDANT**

### COMPLAINT

Plaintiff Joann McIlwain files the following Complaint against Defendant Bison Recovery Group., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and states as follows.

### JURISDICTION AND VENUE

1.      This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367 and 15 U.S.C. § 1692k(d).

2.      Venue is proper in this district because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3.      Plaintiff Joann McIlwain ("Plaintiff") is a resident of the State of Mississippi residing at 586 County Rd 79 McCarley, MS 38943, located in Carroll County.

4.      Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

5.      Plaintiff incurred a "Debt" as defined by the FDCPA.

6.      Defendant Bison Recovery Group, Inc. ("Defendant"), is a New York corporation with its principal place of business in New York, which may be served with process through its

service on its Chief Executive Officer, Maggie Szymkowiak, 408 Milestrip Road, Suite 211 Blasdell, NY 14219, or otherwise under applicable law.

7.      Defendant acquired the Debt after it was in default.

8.      Defendant regularly attempts to collect debts that it acquired after the same were in default.

9.      Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10.     At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS

11.     Prior to August 17, 2021, Plaintiff notified Defendant that she was represented by an attorney to resolve her debts and provided Defendant with her attorney's name and number.

12.     On or around August 17, 2021, despite having notice that Plaintiff was represented by an attorney, Defendant telephoned Plaintiff to collect the Debt.

13.     During this communication, Defendant falsely represented that Defendant could not reach anyone to confirm her representation.

14.     During this communication, Defendant disparaged Plaintiff's attorneys in an effort to create doubt in Plaintiff's mind.

15.     Defendant violated the FDCPA.

16.     Defendant damaged Plaintiff.

## COUNT I

17.     Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18.     Defendant violated 15 U.S.C. § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT II

19.     Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20.     Defendant violated 15 U.S.C. § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT III

21.     Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22.     Defendant violated 15 U.S.C. § 1692c by contacting Plaintiff after having notice that Plaintiff was represented by an attorney.

## COUNT IV

23.     Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24.     Defendant violated 15 U.S.C. § 1692e(10) by making false representations during the collection of a debt.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks the following relief:

a.   Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.   Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted, this the 7th day of January, 2022.

**JOANN MCILWAIN**

By:*/s/Kevin A. Rogers*
    Kevin A. Rogers (MSB # 101230)
    Her Attorney

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Telephone:  601-605-6900
Facsimile:  601-605-6901
krogers@wellsmar.com